ANNE JACOBS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MICHAEL S. JACOBS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5355, 5356. Promulgated December 31, 1946.

*Irving Graff, Esq.,* for the petitioners.
*Byron M. Coon, Esq.,* for the respondent.

---

[4] See 6 Dart, Louisiana General Statutes, §§ 9850.48 and 9850.78.

1482

OPINION.

VAN FOSSAN, *Judge*: It is the contention of the petitioners that they are required to include in their respective returns for the calendar year 1941 only their share of the earnings of the partnership of which the husband was a partner for the fiscal year ended March 31, 1941, and that the earnings of the partnership of $6,182.36 for the period April 1 to May 31, 1941, are taxable to them in the calendar year 1942, for the reason that the "taxable year" of the partnership did not terminate on May 31, 1941, by reason of its dissolution but continued to March 31, 1942, the date of the normal ending of the partnership fiscal year. They rely upon *C. A. Tooke*, 17 B. T. A. 690; *J. E. Reynolds*, 17 B. T. A. 693; and *Mary D. Walsh*, 7 T. C. 205.

The Commissioner included one-half of the earnings of the partnership for the period April 1 to May 31, 1941, in the taxable income of each petitioner for 1941 and his explanation for such adjustment in a statement attached to the notice of deficiency addressed to Michael S. Jacobs is as follows:

Partnership income, reported in your return in the total amount of $33,046.31, has been increased $6,182.37, representing your distributive share of the net income of Arco Food Center, a partnership, for the taxable period from April 1, 1941 to and including May 31, 1941, the date as of which the partnership was

liquidated and dissolved. Your gross income has accordingly been increased in the amount of $3,091.18, representing your community one-half of the additional partnership income.

A similar explanation was attached to the notice of deficiency addressed to petitioner Anne Jacobs. The respondent relies upon *Guaranty Trust Co. of New York* v. *Commissioner*, 303 U. S. 493.

The cases relied upon by petitioners are not controlling. In *Mary D. Walsh, supra*, involving the tax liability of surviving partners of two partnerships, it was pointed out that, "although the old partnerships were dissolved by Elliott's death, they were not terminated. * * * The business being conducted by the partnerships had to be wound up by the surviving partners and an accounting made to the heirs and personal representatives of the deceased partner"; and that there was no distribution of assets between the date of Elliott's death and the close of the calendar year 1939. The fact that the partnership business was not terminated, although dissolved by Elliott's death, was the determining factor in that case. The Tax Court, in reaching its decision, relied in particular upon *Heiner* v. *Mellon*, 304 U. S. 271, as to which case it stated as follows:

It will be noted that the Supreme Court expressly distinguished between the dissolution and termination of a partnership, in so far as surviving partners are concerned, and in so doing approved the *Rossmoore* cases, 1 Fed. Supp. 35; affd., 67 Fed. (2d) 1009; 76 Fed. (2d) 520. These cases are authority for the propositions that dissolution of a partnership does not terminate it where liquidation is continued and that a partner remains liable for income taxes on his distributive share of the partnership income after dissolution.

In the instant cases it was alleged that "said partnership was dissolved on or about May 31, 1941. * * * All of said income was earned by the partnership during the period of April 1, 1941, to May 31, 1941." Such allegations were admitted in respondent's answers. One of the factors upon which respondent's determination is based is that "the partnership was liquidated and dissolved" on May 31, 1941. It is alleged that the "partnership kept its books and filed its Partnership Return of Income (Form 1065) on the basis of a fiscal year ending March 31st." However, its final return is not in evidence and hence we know not what it contained. Such is the factual situation presented, from which it appears that the partnership involved herein was not only dissolved, but it was also liquidated and its business terminated within the calendar year 1941. At least there is no evidence that after May 31, 1941, the partnership was continued for the purpose of the collection of the $6,182.36 earned in April and May 1941, or for liquidation or distribution of partnership assets, as was shown in the *Walsh* case.

"Circumstances wholly fortuitous may determine the year in which income, whenever earned, is taxable, and may thus affect the amount

of tax. Receipt of income or the accrual of the right to receive it within the tax year is the test of taxability." *Guaranty Trust Co. of New York* v. *Commissioner, supra.* It appears that the right to receive the $6,182.36 accrued to petitioner Michael S. Jacobs on or about May 31, 1941. In so far as the record discloses he may have actually received that amount on or about that date. Under the circumstances, we know of no reason why the income should be reported in a subsequent year.

The decisions of *C. A. Tooke, supra,* and *J. E. Reynolds, supra,* were based upon *Bankers Trust Co.* v. *Bowers,* 295 Fed. 89, which held that, under the Revenue Act of 1921, returns for less than twelve months made by an executor for a decedent who died on April 4, 1921, and his estate were returns for the full calendar year 1921. However, in the Revenue Act of 1924 (section 200 (a)), there was added a provision as follows:

> The term "taxable year" includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return was made.

A similar provision is contained in section 48 (a) of the Internal Revenue Code. Prior to the enactment of the 1924 Act it was held that a fractional part of a year for which a tax return was made was not a taxable year. *Bankers Trust Co.* v. *Bowers, supra; General Box Corporation,* 22 B. T. A. 725; *C. A. Tooke, supra; J. E. Reynolds, supra; Davis Yarn Co.,* 8 B. T. A. 299. The provision added to section 200 (a), 1924 Act, changed the rule established in the foregoing cases. See *Royal Highlanders,* 1 T. C. 184; reversed on other grounds, 138 Fed. (2d) 240; *General Aniline & Film Corporation,* 3 T. C. 1070.

What was said in *Royal Highlanders, supra,* with respect to article 41–1 of Regulations 94, is equally applicable to the corresponding provisions in section 19.41–1 of Regulations 103, as follows:

> Article 41–1 merely provides that net income must be computed with respect to a fixed period, and *usually* that period is twelve months and is known as the taxable year. The regulation does not provide that net income must always be computed with respect to a fixed period of twelve months, and inferentially recognizes that unusual instances may arise when it must be computed with respect to a period of less than twelve months.

The dissolution and termination of the partnership on May 31, 1941, within its accounting period is, in our opinion, an unusual instance requiring the computation of net income for the period beginning April 1 and ending May 31, 1941. Such fractional period is a taxable year within the meaning of section 48 (a), *supra.* See *Royal Highlanders, supra; General Aniline & Film Corporation, supra; Pepsi Cola Co.,* 5 T. C. 190; affd., 155 Fed. (2d) 921; and *Economy Savings & Loan Co.,* 5 T. C. 543 (appeal pending, C. C. A., 6th Cir.). Hence,

under section 188 of the Internal Revenue Code, providing that if the taxable year of a partner is different from that of the partnership, there is includible in the income of the partner "the net income of the partnership for *any* taxable year of the partnership (whether beginning on, before or after January 1, 1939) ending within or with the taxable year of the partner," the distributive share of the partnership which accrued to Michael S. Jacobs on May 31, 1941, of $6,182.36 is includible in the 1941 income of petitioners on the community basis.

*Decisions will be entered for the respondent.*