Hamilton A. Gray v. Commissioner.
Gray v. Commissioner
Docket No. 30148.
United States Tax Court
1952 Tax Ct. Memo LEXIS 356; 11 T.C.M. (CCH) 17; T.C.M. (RIA) 52002; January 11, 1952
*356 1. Petitioner for several years had been one of the members of a partnership known as the Baxter Chat Company. On December 1, 1946, petitioner sold out his interest in this partnership at a loss. For the eleven months of the calendar year 1946 which had expired prior to the date of sale, petitioner had certain undistributed profits in the partnership. Held, these undistributed profits are taxable to petitioner as ordinary income and not as capital gains. Louis Karsch, 8 T.C. 1327. 2. In the sale of his partnership interest in the Baxter Chat Company petitioner incurred a loss. This loss was a long-term capital loss and only 50 per cent thereof can be taken into account under the provisions of section 117 (b) of the Internal Revenue Code. 3. Held, that the holding period of petitioner's partnership interest which was sold is to be measured from the date of the acquisition by petitioner of his partnership interest in Baxter Chat Company and not from the date or dates of acquisition by the partnership of the specific partnership assets. Allan S. Lehman, 7 T.C. 1088, affirmed 165 Fed. (2d) 383, followed. W. E. Baird, C.P.A., 921 Dwight Bldg., Kansas City, Mo., for the petitioner. Gene W. Reardon, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioner's income tax of $5,728.45 for the year 1946. The deficiency is due to certain adjustments made by the Commissioner which are explained in the deficiency notice as follows: "Adjustments to Net Income
Net income as disclosed by
return
$34,495.06
Unallowable deductions and
additional income: (a) Net loss from sale or
exchange of property
other than capital as-
sets
$15,826.60
(b) Partnership income
297.34
16,123.94
Total
$50,619.00
Nontaxable income and ad-
ditional deductions: (c) Loss from sale or ex-
change of capital as-
sets
$ 8,052.89
Net income adjusted
$42,566.11
*358 "Explanation of Adjustments "(a) You claimed a deduction on your return of $15,826.60 for a net loss from sale or exchange of property other than capital assets, due to sale of your partnership interest in the Baxter Chat Co. It is held that this does not represent an ordinary loss deductible in full, but it is a loss from sale of capital assets and the corrected amount is allowed as such. "(b) On your return you reported your share of distributable net income from the partnership, Baxter Chat Company, to be $14,813.19, whereas the information on file shows the correct amount to be $15,110.53, therefore, net income is increased in the amount of $297.34. "(c) You reported on your return net capital gains in the amount of $9,967.13, whereas the information on file shows the correct amount to be $1,914.24, therefore, net capital gain is decreased in the amount of $8,052.89 as computed below: "Loss on sale of partnership interest in Baxter
Chat Co.: Cost of Baxter Chat Co. stock
$ 2,500.00
Share of earned surplus 3/31/1944 date
of liquidation of corporation
2,253.99
Cost of partnership interest 3/31/1944
$ 4,753.99
Share of taxable earnings of partner-
ship from 4/1/1944 to 11/30/1946
44,528.30
Total
$49,282.29
Less: Withdrawals 4/1/1944 to
11/30/1946
30,750.00
Adjusted cost of partnership interest
18,532.29
Sale price
2,500.00
Loss on sale of partnership interest
$6,032.29
Allowable net long-term capital loss -
50%
$ 8,016.14
Decrease in distributable share of net
long-term capital gain from partner-
ship Baxter Chat Co.
36.75
Adjustment for net long-term capital
loss
$ 8,052.89
*359 "To these adjustments petitioner assigned errors as follows: "(a) Commissioner erred in determining that the loss of $16,032.29 sustained by petitioner from sale of partnership interest in and all claims against partnership of Baxter Chat Company was in entirety a long-term capital loss. "(b) Commissioner erred in failing to determine that petitioner had an ordinary loss, or a short-term capital loss, arising from sale of partnership interest in and all claims against the partnership of Baxter Chat Company. "(c) In the alternative, Commissioner erred in not determining that taxpayer sold his interest in various underlying properties of the partnership of the Baxter Chat Company and also erred in not determining and allowing deduction for the amount of ordinary loss, short-term capital loss and long-term capital loss sustained by such sale, determined in accordance with the basis and status of the different classes of underlying properties. "(d) In the alternative, Commissioner erred in determining that 50/426 of undistributed income of partnership of Baxter Chat Company for period of eleven months ended November 30, 1946 should be included in the net income of petitioner *360 for 1946." Findings of Fact The facts have been stipulated and as stipulated are adopted as our findings of fact. These facts may be summarized as follows: Petitioner is an individual whose residence address is Joplin, Missouri. His Federal income tax return for the calendar year 1946 was filed upon the cash basis with the Collector of Internal Revenue for the Sixth District of Missouri. Prior to March 31, 1944, petitioner acquired 50 shares (par value $5,000) of the capital stock of the Baxter Chat Company, a corporation, at a cost of $2,500. On March 31, 1944, the Baxter Chat Company was dissolved, the petitioner taking his liquidated interest in property in kind. At the time of such liquidation there were 426 shares of stock and taxpayer received a 50/426th undivided interest in the properties. The petitioner's share of earned surplus of the Baxter Chat Company at date of liquidation was $2,253.99. Under the income tax law then in effect the amount of $2,253.99 became taxable to petitioner and was added to his original cost of $2,500, making a total of $4,753.99 which became his basis for property received in liquidation. The liquidating stockholders on April 1, 1944, formed *361 a partnership to operate under the name of Baxter Chat Company with its principal place of business and office at Baxter Springs, Kansas. On April 1, 1944, petitioner acquired a 50/426th interest in the partnership of Baxter Chat Company at a cost basis of $4,753.99. The partnership of Baxter Chat Company was organized to buy, transport, and sell chats, sand, gravel, macadam and other forms of stone and nonmetallic rock, and mine refuse and waste; and to mine, manufacture and otherwise prepare for sale such stone and nonmetallic rock; and to build, construct, maintain and operate such spur tracks and equipment necessary to mine, manufacture and transport such commodities. Section 6 of the partnership agreement provided: "6. The capital of said firm is to be the amount of the assets, less the liabilities, received in the dissolution of The Baxter Chat Company, a corporation, of which each of the partners is contributing the proportion set opposite his name below, on or before the 1st day of April, 1944, and said partners will share in the net profits and losses of said business in the same proportion, to-wit": [Here are given the percentages of profits to each partner including *362 50/426ths to petitioner Hamilton A. Gray.] Any of the partners devoting time and attention to the business of the partnership were to be paid a reasonable compensation for services rendered and all such salaries to partners were to be charged as an expense of operation of the business before any division or distribution of the net profit or loss to the partners' accounts. The partnership agreement provided that each year a full and complete inventory should be taken and a complete statement of the condition of the partnership was to be made. Each partner's share of the profits should be credited to his account and profits should be distributed to the partners pro rata as agreed upon, depending upon requirements of the partnership for operating funds. The partnership of Baxter Chat Company established and used the calendar year as a basis of filing its Federal partnership return of income, Form 1065, for 1944 and 1945. It was stipulated that the following summary correctly reflects petitioner's withdrawals and his share of partnership earnings during the period in question: Petitioner's share of partner-
ship earnings (exclusive
of any salary currently
paid), from beginning of
partnership, April 1, 1944,
to December 31, 1945, was
$30,424.51
There was distributed to
petitioner by partnership
during calendar years
1944 and 1945, exclusive
of any salary currently
paid
$19,500.00
Undistributed earnings,
January 1, 1946
$10,924.51
Distributions made by part-
nership to petitioner (ex-
clusive of any salary cur-
rently paid), from Janu-
ary 1, 1946, to November
30, 1946, were: March 1, 1946, $50.00 per
1/426 int.
2,500.00
June 1, 1946, $50.00 per
1/426 int.
2,500.00
Aug. 30, 1946, $75.00 per
1/426 int.
3,750.00
Nov. 29, 1946, $50.00 per
1/426 int.
2,500.00
Total distributions to
petitioner in 1946
11,250.00
Excess of distributions over
accumulated partnership
earnings at November 29,
1946
$ 325.49
*363 On December 1, 1946, petitioner sold his his 50/426th interest in capital of partnership of Baxter Chat Company and also all of his credits or claims for any undistributed profits or any other matters for a lump sum of $2,500. Some other partners of Baxter Chat Company sold their interest in and claims against the partnership on December 1, 1946. The remaining partners thereupon agreed to continue as copartners doing business as Baxter Chat Company. The partnership of Baxter Chat Company filed a Federal return of income, Form 1065, for the shortened period of 11 months from January 1 to November 30, 1946, and another partnership return was filed for the month of December 1946. The distributable partnership earnings with respect to petitioner for the 11-month period, January 1, 1946 to November 30, 1946 (as adjusted by the Commissioner), were: Salary which has been currently paid
$ 3,867.50
Other ordinary income
11,243.03
Total ordinary income
$15,110.53
Long-term capital gains of partnership
2,860.76
$17,971.29
Deduct salary currently paid and not
included in distribution of $11,250.00
made during 11 months ended No-
vember 30, 1946
3,867.50
Undistributed earnings for eleven
months ended November 30, 1946
$14,103.79
*364 Petitioner, prior to November 29, 1946, did not have any credit to his account on the books of Baxter Chat Company, partnership, for any portion of partnership earnings for 1946. In his Federal income tax return for 1946, petitioner reported as income his distributable share of partnership income and salary as disclosed by the partnership return filed for 11 months ended November 30, 1946, and petitioner reported the loss from sale of interest in and all claims against the partnership as an ordinary loss in the amount of $15,826.60. The Commissioner disallowed deduction of this loss and substituted a deduction based upon a recomputed aggregate loss of $16,032.29, which he considered as being in entirety a long term capital loss. See statement of the adjustments made by the Commissioner described in our preliminary statement herein. The Commissioner adjusted petitioner's net income for 1946 by making some small increases in the amounts originally returned by petitioner as his share of distributable income of the partnership. The Commissioner thereby included in petitioner's net income his corrected distributable share of ordinary income of the partnership, $15,110.53, and petitioner's *365 share of long term capital gains through the partnership, $2,860.76, was also included in petitioner's net income at the effective 50 per cent, or $1,430.38. Opinion BLACK, Judge: The parties are in agreement as to the facts involved in this proceeding, but they disagree as to the construction of the applicable law. The Commissioner makes a good statement in his brief as to the issues involved and we copy that statement as correctly stating the issues. It is as follows: "I. Did Commissioner err in determining that the petitioner's undistributed share of partnership income of Baxter Chat Company for the partnership's last accounting period, January 1, 1946 to November 30, 1946, is includible in petitioner's taxable income for his individual taxable year 1946? (See assignment of error, paragraph 4 (d) of petition). "II. Did Commissioner err in determining that petitioner sustained a capital loss of $16,032.29 rather than an ordinary loss upon the sale on December 1, 1946 of his partnership interest in the Baxter Chat Company? (See assignments of error paragraphs 4 (a) and (b) of petition.) "Apparently petitioner has abandoned the issue with respect to the assignment of error *366 at paragraph 4 (c) of the petition. (See Tr. 3, 4.)" Issue I It seems well settled that a partner must return for taxation his portion of the undistributed profits of a partnership whether he ever actually receives these profits or not. Louis Karsch, 8 T.C. 1327. Cf. Dennis Halkias, 12 T.C. 1091. In the Karsch case we said: "We have been referred to no authority indicating that the mere sale of a partnership interest converts a partner's distributive share in past earnings upon which no tax has been paid into a capital item or relieves him from the necessity of paying a tax thereon as ordinary income. The rule in fact appears to be to the contrary. "Except for the 'purchase' and release, all his collections would have been income; the remaining partners would merely have turned over to him his existing interest in earnings already made * * *. The 'purchase' of that future income did not turn it into capital, any more than the discount of a note received in consideration of personal services." Helvering v. Smith (C.C.A. 2d Cir.), 90 Fed. (2d) 590, 592; see Bull v. United States, 295 U.S. 247, 256. And it scarcely requires *367 the citation of authority to demonstrate the conmonly applicable principle that no anticipatory assignment of income already earned can relieve the assignor of tax thereon. E.g., Helvering v. Eubank, 311 U.S. 122. We think it must be concluded that petitioner was taxable on his share of the income actually earned by the partnership to the date of his withdrawal, not as capital gain, but as a part of his ordinary income." Petitioner contends that the Karsch case, supra, is distinguishable on its facts from the instant case. While it is true that the facts of the two cases are different from each other in some particulars, we do not think these differences are controlling when it comes to the principle of law involved. What the Karsch case held was that the taxpayer was taxable on his share of the income actually earned by the partnership to the date of his withdrawal, not as capital gain, but as a part of his ordinary income. We think we must so hold in the instant case. It has been stipulated that: "* * * Commissioner thereby included in petitioner's net income his corrected distributable share of ordinary income of partnership, $15,110.53, and petitioner's share *368 of long-term capital gains through partnership, $2,860.76, was also included in petitioner's net income at the effective 50%, or $1,430.38." Under the authority of Louis Karsch, supra, we hold that the Commissioner was correct in his manner of taxing petitioner's share of income from the partnership in the taxable year. We sustain respondent as to Issue I. Issue II It is now well settled that the sale of an interest in a partnership is the sale of a capital asset and results in either capital gain or capital loss, as the case may be. Therefore, the sale of petitioner's partnership interest in the Baxter Chat Company is a capital transaction and the loss of $16,032.29 sustained by him in the transaction is a long term capital loss, 50 per cent ($8,052.89) of which is deductible under the limitations of section 117 of the Code. H. R. Smith, 10 T.C. 398, affirmed 173 Fed. (2d) 470; Joseph L. Merrill, 9 T.C. 291, affirmed 173 Fed. (2d) 310. On this issue the Commissioner is sustained. Apparently petitioner has abandoned the issue which he raised in his assignment of error (c), because in his brief he does not urge *369 it. But even if it be considered that petitioner has not abandoned his assignment of error (c), it is without merit. See Allan S. Lehman, 7 T.C. 1088, affirmed 165 Fed. (2d) 383, certiorari denied 334 U.S. 819. In the Lehman case, the Commissioner had determined that the period of holding of the taxpayer's partnership interest was governed by the time of holding by the partnership of certain specific assets which it owned. We held against this determination of the Commissioner and held that the holding period of the partnership interest for the purpose of applying the percentage rate specified in section 117 (a) of the Revenue Act of 1936 was to be measured from the date of the acquisition of the partnership interest as a whole and not from the date or dates of acquistion by the partnership of the specific partnership assets. As has already been indicated our decision was affirmed by the Second Circuit and the Supreme Court denied certiorari. As to the assignment of error (c), the petitioner is not sustained. Decision will be entered for the respondent.