OPINION. Opper, Judge: It is by now well settled that a withdrawing partner is chargeable with ordinary income on his share of the partnership profits, whether currently distributed or not, up to the time of his withdrawal. LeSage v. Commissioner, (C. A. 5) 173 F. 2d 826; Louis Karsch, 6 T. C. 1327. This is so notwithstanding that he sells his interest to the continuing partner. Respondent has determined the deficiency here as though petitioner’s 50 per cent partnership interest terminated on May 20. The sole question is whether there was a termination of that 50 per cent interest at any earlier time. That there was no change in the equal profit sharing ratio prior to the sale of petitioner’s interest is clear from petitioner’s own testimony.[1] And the purpose of restricting the drawing accounts in April was not to change the profit ratio but rather to make an interim agreement “until [as petitioner testified] we came to some settlement of selling out to one another.” Nor was petitioner’s interest terminated at an earlier time.- It was not until May 20 or later that the identity and price of the partnership interest to be sold were settled. Only then did petitioner cease to be entitled to his full partnership earnings. LeSage v. Commissioner, supra. Since petitioner no longer contests the figure to be used as net partnership income, we find no error in the deficiency. Decision will he entered for the respondent. CROSS-EXAMINATION By Mr. Veach (respondent’s eonnsel) : Q. Did you or Mr. Japp at any time have any disagreements as to your profit-sharing ratio that you would not be 50-50 partenrs ? A. No, we never had any. Q. No, that is prior to the sale of your interest ’ A, That is right.