## COMMISSIONER OF INTERNAL REVENUE v. GUARANTY TRUST CO. OF NEW YORK.

### No. 262.

Circuit Court of Appeals, Second Circuit.

May 3, 1937.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and Alexander Tucker, Sp. Assts. to Atty. Gen., for petitioner.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Walter D. Fletcher, Weston Vernon, Jr., and Allen A. Dobey, all of New York City, of counsel), for respondent.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The respondent is the executor of the estate of Lamar L. Fleming, who died on December 16, 1933. Mr. Fleming was at the time of his death a resident of New York and a member of the partnership of Anderson, Clayton & Fleming whose principal place of business was in New York City. The decedent had filed his returns of income for calendar years on the cash receipts and disbursements basis. The partnership had filed its information returns on the same method of accounting but for fiscal years ending July 31st. On July 31, 1933, a new partner was admitted and a new partnership agreement was executed

which kept the fiscal year the same and provided for the distribution of profits at the end of the fiscal year. No partnership profits earned after July 31, 1933, were received or were receivable by the decedent under the terms of the partnership agreement up to the time of his death. Though all previous earnings to which he was entitled were available to him, he left a portion of them on deposit with the partnership.

After Mr. Fleming died there was an accounting for the period between July 31, 1933, and the date of his death and in January, 1934, a partial, and in the following month a final, distribution was made to his executor of his credit deposit and his share of the earnings up to the time he died.

His executor filed an income tax return for him for the period from January 1, 1933, to December 16, 1933, in which were included his entire share of the partnership profits for the fiscal year ending July 31st but none for the remainder of 1933 to the date of his death. The profits for the last-mentioned period were, however, included in the estate tax return filed for him. On February 28, 1934, an information return was filed "for the fiscal year beginning August 1, 1933, and ended December 16, 1933," for the partnership in liquidation.

The deficiency determined by the Commissioner was the result of his inclusion in the income of the decedent of his share of the profits earned after July 31, 1933, up to his death. The Board held those profits were not includable, and whether or not they were is the issue before us.

Section 181 of the Revenue Act of 1932 (47 Stat. 222, 26 U.S.C.A. § 181 and note) provided, as did previous statutes, that partners should be liable for an income tax only in their individual capacity, and section 182 of the same act (47 Stat. 222) taxed to each partner his distributive share of the net partnership income for the taxable year, whether distributed or not. It also provided that: "If the taxable year of a partner is different from that of the partnership, the amount so included shall be based upon the income of the partnership for any taxable year of the partnership ending within his taxable year." Regulations follow the statute in this respect.

■ Whether the death of Mr. Fleming within his taxable year brought about the ending of what is called in the statute a "taxable year of the partnership" determines whether the Commissioner or the Board was right. As the partnership was subject to the laws of New York, it was not terminated by the death of Mr. Fleming, though it was dissolved and continued only for purposes of liquidation until the partnership affairs were wound up. Sections 60, 61, and 62, subd. 4 of the New York Partnership Law (Consol.Laws, c. 39). As a continuing source of income to the decedent, it ceased to exist when he died. Darcy v. Commissioner (C.C.A.) 66 F.(2d) 581. The accounting whenever it took place was as of that date. That was when in contemplation of law his share of the profits became distributable. That is to say, though a partnership is not a taxpayer, what is called a partnership taxable year ended when the partnership was dissolved by the death of a partner. Of course this made two "partnership taxable years" end in one taxable year of the decedent. Yet that did not make his taxable year include his income for more than twelve months. It did, indeed, include his share of partnership income for more than a twelve-month period, but that is immaterial since the partnership is not the taxpayer. The period for which the decedent's income is taxed is a little less than twelve months and the income on which he is taxed is only that distributable to him as of that period. To be sure, it was not physically possible to distribute any post July 31, 1933, partnership income to him after his death but whatever partnership profits were earned from July 31, 1933, to the date of his death later in that year were nevertheless to the extent of his share earned by him in his lifetime and taxable to him as income though they might form a part of the corpus of his estate and be subject to an estate tax also. Bull v. United States, 295 U.S. 247, 254, 55 S.Ct. 695, 697, 79 L.Ed. 1421.

■ Strictly speaking, a partnership has no taxable year since it is not a taxpayer. It is required to file information returns for so-called taxable years which are either fiscal or calendar and are in fact accounting periods covering twelve months. This does not mean that there can be no accounting period of a partnership for income tax purposes for less than twelve months. The present case serves well as an example of what will shorten such an accounting period or taxable year of a partnership, viz., the dissolution of the partnership caused by the death of a partner after the beginning of the current year and before its end. An-

other would be a partnership which for one reason or another never existed for a full year. So we hold that the phrase "partnership taxable year," as used in section 182(a) of the Revenue Act of 1932, should be construed to include an accounting period of the partnership fixed at less than a year by the dissolution of the partnership caused by the death of a partner. Consequently the Commissioner properly included the decedent's share of the post July 31, 1933, partnership income.

Decision reversed.