## GUARANTY TRUST CO., EXECUTOR, *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 301. Argued January 12, 13, 1938.—Decided March 28, 1938.

*Mr. Montgomery B. Angell,* with whom *Messrs. John W. Davis* and *Weston Vernon, Jr.* were on the brief, for petitioner.

*Mr. Edward J. Ennis,* with whom *Solicitor General Reed, Assistant Attorney General Morris,* and *Messrs. Sewall Key* and *A. F. Prescott* were on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

Whether a deceased partner's taxable income for the calendar year 1933 includes his share of partnership profits from the beginning of the partnership fiscal year on August 1, 1933, to the date of his death in the same year, in addition to his share of the partnership profits for its fiscal year ending July 31, is the question for decision.

Petitioner's testator, who died December 16, 1933, was a member of a New York partnership whose fiscal year expired on July 31, 1933. The partnership, with the addition of a new partner, was renewed, by agreement, for one year from August 1. After his death the surviving partners, by a further agreement, continued the partnership business from that date until July 31 of the next year, as of which date profits were to be determined, and thereafter from year to year. Decedent kept his books on the cash receipts and disbursements basis and filed his returns for income tax for each calendar year on that basis. The partnership kept its books on a like basis, but made its returns for a fiscal year ending July 31.

Upon a partnership accounting as of the date of decedent's death, his share of the profits from August 1 to that date was ascertained and in the following January and February was paid to petitioner, as executor. In making return for taxation of decedent's income for 1933, petitioner included decedent's share of the firm profits accruing for the year ending July 31, but omitted to re-

turn his share of the firm profits earned between that time and his death.

The Commissioner's determination of a deficiency based on the omitted income, was set aside by the Board of Tax Appeals. 34 B. T. A. 384. The Board's order was reversed by the Court of Appeals for the Second Circuit, which held that decedent's share of the partnership profits for the year ending July 31 and for the ensuing period ending December 16, 1933, was income of decedent in 1933 and taxable as such for that year. 89 F. (2d) 692. We granted certiorari, the question being of importance in the administration of the revenue laws, and the decision being challenged by petitioner as not in harmony with *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359.

Both by the practical construction given to the partnership agreement by petitioner and the surviving partners, and by the applicable provisions of the New York Partnership Act,[1] decedent's death dissolved the partnership, terminated his right to share in the profits, and fixed the date as of which the surviving partners were bound to

---

[1] New York Partnership Act, Laws of 1919, c. 408:

"Sec. 60. *Dissolution defined.*—The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business.

"Sec. 61. *Partnership not terminated by dissolution.*—On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed.

"Sec. 62. *Causes of dissolution.*—Dissolution is caused:

"4. By the death of any partner;

"Sec. 74. *Accrual of actions.*—The right to an account of his interest shall accrue to any partner, or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution, in the absence of agreement to the contrary."

account for the profits. *Darcy* v. *Commissioner,* 66 F. (2d) 581. Decedent's estate in fact received the profits accrued on the date of his death, and partnership profits thus accrued and distributable by reason of the death of a partner are his income, taxable as such. *Bull* v. *United States,* 295 U. S. 247. But petitioner insists that here they cannot be included in decedent's 1933 income for purposes of taxation, since in that case his partnership profits both for the full year ending July 31, 1933 and for the ensuing four and one-half months' period ending with his death in December, would be taxed as his profits for a single year. This it is said offends against the policy of the revenue acts to assess income taxes annually on the basis of twelve month periods and, so offending, conflicts with the appropriate construction of the applicable provisions of §§ 181, 182 of the Revenue Act of 1932, 47 Stat. 169, relating to the taxation of partnership profits.

Under the Act of 1932, as with earlier revenue acts, partnerships are not taxed upon their income. By § 189 they are required to file information returns showing the partnership profits and the respective shares of the partners in the profits. But § 181 provides that the partners shall be "liable for income tax only in their individual capacity," and § 182 (a) reads:

"*General rule.*—There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year. If the taxable year of a partner is different from that of the partnership, the amount so included shall be based upon the income of the partnership for any taxable year of the partnership ending within his taxable year."

Since the partnership is not a taxpayer, it has no taxable year in a literal sense. But as used in this section "taxable year of the partnership" means its fiscal year, for "taxable year" is defined by § 48 as including in its meaning

"a fiscal year . . . upon the basis of which the net income is computed" and "fiscal year" is defined as "an accounting period of twelve months ending on the last day of any month other than December." A "taxable year," it is declared, includes the period for which a return is made when, under the provisions of the act or regulations, a return for a fractional part of a year is required. As a partner's profits are ascertainable only on an accounting for such periods as may be fixed by law or by the partnership itself, and as the fiscal year or accounting period of the partnership may differ from that of the taxable year of the partner, § 182 (a), as a matter of convenience to taxpayers, authorizes and provides for this difference by requiring in that case that the partner's distributive share of the profits ascertained at the end of the partnership fiscal year shall be included in his taxable income for the year in which the fiscal year of the partnership ends.

Petitioner does not complain of the taxation of decedent's share of the partnership profits for the year ending July 31 as 1933 income. But it contends that the reference in § 182 (a) to the "taxable year of the partnership," and the requirement that the amount of the partner's taxable income "shall be based upon the income of the partnership for any taxable year of the partnership ending within his taxable year," read in their context and in the light of the practice long established by the revenue acts, of taxing income for twelve month periods, contemplate that a partner returning income for a calendar year shall be taxable in that year only upon his income from his firm for a single partnership year. This is said to be the case even though the income derived by a partner from the firm business between the end of the partnership fiscal year and the date of his death in the same year cannot be taxed in any other.

This argument is, we think, based upon a misconception of the policy of the Act and a mistaken construction

of § 182 (a). It is true that the acts of Congress taxing income have consistently laid the tax upon the net income received by or accrued to the taxpayer in a "taxable year," which is either the calendar year or a different fiscal year, as the taxpayer may elect. But they have never undertaken to limit the income taxable in any one year to that derived from the taxpayer's activities occurring in that or any other single year. The items of gross income and of allowed deductions to be included in the income return, are those of the taxpayer for his taxable year, even though they may have resulted from or be affected by his business transactions of other years. *Burnet* v. *Sanford & Brooks Co., supra,* 364, 365. Circumstances wholly fortuitous may determine the year in which income, whenever earned, is taxable, and may thus affect the amount of tax. Receipt of income or accrual of the right to receive it within the tax year is the test of taxability, not the time it has taken the taxpayer to earn it nor the duration of his investments which have finally resulted in profit. *Lucas* v. *Alexander,* 279 U. S. 573.

The revenue acts have consistently adhered to that policy in taxing the income of a partner. Since the partner is entitled to profits only upon a partnership accounting at the end of an accounting period, his profits become subject to income tax when and as they are thus ascertained. As in the case of all other taxpayers, the partner's net income is required by the general provisions of § 41 to be computed "on the basis of the taxpayer's annual accounting period," here the calendar year, so as clearly to reflect the income. And § 182 (a) commands that the distributive share of each partner in the partnership profits shall be included in computing his tax, whether distributed or not.

By these provisions the taxable income of a partner is limited to that share of the partnership earnings to

which he becomes entitled within his taxable year, but it includes all the distributive share of the partnership income which accrues to him in that year even though earned in an accounting period not wholly within the year, and though his return, as in the case of decedent, is on the cash receipts and disbursements basis. If the provisions stood alone it would seem plain that the profits accruing to decedent from the two partnership accountings within his taxable year would be taxable in that year, even though the accounting periods aggregated more than twelve months. We think the concluding sentence of § 182 (a), which provides for the case where the partner's taxable year differs from that of the partnership, does not call for any different result.

We need not inquire too meticulously whether the partnership "taxable year," within the meaning of § 182 (a), includes in the special circumstances of this case an accounting period of less than twelve months, here from July 31 to the death of decedent. Petitioner makes no contention that it does not, nor could well do so, for if not so included it is not within the phrase "any taxable year of the partnership," occurring in the second sentence of § 182 (a), on which petitioner relies to exclude the income for that period from taxation otherwise imposed by the general provisions of § 41 and the first sentence of § 182 (a). The argument is that the year ending July 31, 1933, was one partnership fiscal year or accounting period, and that the ensuing period until the death of decedent was another, and that the inclusion of the income for both periods in decedent's taxable income is precluded by the use of the phrase "any taxable year" in § 182 (a), which it is said must be taken to mean any one accounting period of the partnership.

But we think the sentence must be read as supplementing the preceding one and § 41, and not as limiting them. We can discern elsewhere in the Act no indication

of any Congressional purpose to relieve business income from taxation in the year when, under the applicable provisions of the statute, it is distributable to a partner. Sections 11 and 12 declare in all-inclusive terms that income taxes "shall be levied, collected, and paid for each taxable year upon the net income of every individual." It would require more precise words than those of § 182 (a) directing that the taxable income of a partner shall be based on partnership income for "any" accounting period of the partnership ending within its taxable year, to restrict the broad sweep of §§ 11, 12 and 41. Cf. *Heiner* v. *Colonial Trust Co.*, 275 U. S. 232, 234, 235; *Helvering* v. *Stockholms Enskilda Bank*, 293 U. S. 84, 89; *United States* v. *Safety Car Heating & Lighting Co.*, 297 U. S. 88, 93; *Helvering* v. *Gowran*, 302 U. S. 238, 243, 244.

The purpose of § 182 (a) when read, as it must be, with these other sections, is obviously not to relieve a partner from taxation of any part of the distributive share of the partnership income during the year in which it is distributable. The object is rather to make certain that "the amount so included" in a partner's taxable income "shall be based upon the income of the partnership" distributable during the partner's taxable year, even though an accounting period of the partnership ending in that year may not be wholly within it.

This conclusion is supported by the legislative history of the second sentence of § 182 (a). The provision first appeared in § 218 (a) of the Revenue Act of 1918. As originally introduced, that section of the House bill which became the Revenue Act of 1918 provided for the taxation of the partner's distributive share of the net income of the partnership for "the last annual accounting period of the partnership," ending within his taxable year. By amendment the quoted phrase was stricken from the bill and the words "any accounting period of

the partnership" substituted. See H. R. 12863, 65th Cong., 3rd Sess. (Committee Print—As Agreed to in Conference). The amendment was obviously inconsistent with any purpose to limit the amount of the taxable income to that of any single or particular accounting period of the partnership ending within the partner's taxable year. The phrase was changed by § 182 (a) of the Revenue Act of 1928 to its present form, "any taxable year of the partnership." The continued use of the word "any" as qualifying the phrase "taxable year" in the 1928 and 1932 Acts, does not preclude the present tax if "taxable year" be taken to mean a partnership accounting period of less than twelve months. Reasons have already been given why, if it means an accounting period of a full year, the present tax is nevertheless due under § 41 and the first sentence of § 182 (a).

*Affirmed.*

MR. JUSTICE McREYNOLDS and MR. JUSTICE ROBERTS are of opinion that the judgment should be reversed.

MR. JUSTICE CARDOZO and MR. JUSTICE REED took no part in the consideration or decision of this case.