OPINION. Murdock, Judge: The petitioner contends that he had a bona -fide partnership, with his sister which must be recognized for Federal income tax purposes. He attempts to distinguish Commissioner v. Tower, 327 U. S. 280 (Feb. 25, 1946), and Lusthaus v. Commissioner, 327 U. S. 293 (Feb. 25, 1946), on the ground that the arrangement in those cases was between a husband and wife, whereas here it was between a married brother, who lived with his. own immediate family, and an adult sister who was not a member of the brother’s intimate family group. There is no other important factual difference between the present case and the two decided cases upon which the petitioner could rely. Here, as there, no new capital was needed and none was contributed. The sister had little to do with the whole arrangement. The “contribution” of the sister came from a contemporaneous “gift” of a part of the existing capital by its owner, the brother, accomplished by a debit to one account and a credit to another. The sister contributed no services. It does not appear that she had any separate estate. Her participation added nothing to the business. The petitioner continued to manage the business despite the fact that Vincent was taking on greater responsibilities. This was the only business activity of the petitioner, so far as this record shows. No business purpose was intended or accomplished. This is a stronger case for the Commissioner in some respects than either the Tower or Lusthaus case. Here the sister’s interest was not to be reduced by losses. She was not to share in losses. Neither was her capital to be increased. Incidentally, $50,000 was substantially less than one-third of the capital. The provisions for termination and for withdrawals retained a measure of control in the petitioner. One obvious result of the arrangement, if effective for tax purposes, would be to enable the petitioner to help support his aged mother and his unmarried sister without being taxable upon the income from his business used for that purpose. This was a family affair which, otherwise would never have been considered. The petitioner actually created the right to receive and enjoy the benefit of the income even though the entire earnings of the business would not represent compensation for his personal services. The evidence does not show a real intention of the petitioner and his sister to join together for the purpose of operating the business as partners. The fact that in the Tower and Lusthaus cases the operator and owner of the business sought to make his wife the partner for Federal income tax purposes, while here the petitioner sought to make his sister a partner for the same purposes, does not serve to distinguish the cases. There is another reason why the petitioner can not succeed here. He seeks to divide the income of the business for the full year 1941 between himself and his sister for tax purposes upon the basis of a %■% partnership. The agreement is dated July 1941. There would be no justification for allowing him to escape tax on what were clearly his own earnings from his own business for the period from January 1, 1941, to the date of the agreement. The record does not show any agreement for sharing earnings on any basis prior to the written agreement of July 1941. The record does not show when the profits in question were earned. We would not be justified in making any allocation of earnings of the business between the first and last portions of the year, even if convinced that a part of the profits are not taxable to the petitioner. Decision will be entered for the respondent.