SMITH v. HENSLEE.
No. 10662.

United States Court of Appeals
Sixth Circuit.
March 21, 1949.

Ed. M. Lowrance, of Memphis, Tenn. (F. E. Hagler, Ed. M. Lowrance and Hagler & Lowrance, all of Memphis, Tenn., on the brief), for appellant.

S. Redstone, of Washington, D. C. (Theron Lamar Caudle, Ellis N. Slack, A. F. Prescott and Fred E. Youngman, all of Washington, D. C. and Ward Hudgins, and A. O. Denning, both of Nashville, Tenn., on the brief), for appellee.

Before HICKS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellant brought this action in the District Court to recover from the appellee, as Collector of Internal Revenue, the sum of $12,096.45, which he claims was erroneously assessed and paid by him as individual income tax for the years 1940 and 1941. Three issues were brought in issue by the action, one of which was decided for the appellant, and the other two for the appellee. The judgment of the District Court allowed the appellant a recovery on the issue decided in his favor in the amount of $861.30, from which the appeal is taken because of the disallowance of the other two claims. However, only one of the two issues, decided adversely to the appellant by the District Court is pressed here. It presents the so-called family partnership issue involving income for the year 1941, with particular facts differentiating it in some respects from the usual type of such cases.

The appellant was the only witness and the material facts are not in dispute.

Shortly prior to April 1, 1941, the appellant, his brother and two other individuals, one of whom acted as the general manager of the enterprise, formed a partnership in Memphis, Tennessee, under the name of Toddle House Operating Company. The appellant owned a 40% interest, the other partners each owning a 20% interest. On April 1, 1941, the appellant transferred to his wife, Dorothy Dickman Smith, one-half of his 40% interest in the partnership for the consideration of $9,971.30, and thereupon a new partnership agreement was drawn up between the five partners. Dorothy Dickman Smith paid the appellant for the interest so acquired by her by borrowing $10,000 from the National Bank of Commerce, for which she executed her unsecured note to the bank. The appellant endorsed the note. Mrs. Smith owned some real estate in another State, the value of which was not disclosed by the evidence. She also owned some jewelry, an automobile, and a few thousand dollars in cash, but no stocks or bonds. Mrs. Smith did not share in the management and control of the partnership business and did not contribute or perform any business services whatever for the partnership. She contributed no additional capital to the partnership. The appellant performed no services for the

partnership. On November 21, 1941, Mrs. Smith obtained a divorce from the appellant. As part of the settlement agreement the appellant paid off the note of Mrs. Smith to the National Bank of Commerce which he had endorsed. Mrs. Smith retained her interest in the partnership and moved to Evansville, Indiana, to live. In 1943, Dorothy Dickman Smith sold her 20% interest in the partnership to the other partners for $19,000. No tax claim was made by the Government against the appellant by reason of any profit resulting from this sale.

The District Judge found that it was not the intention of the appellant and his wife to join together for the purpose of carrying on the business of the Toddle House Operating Company, but that it was the intention and plan of the appellant to divide his holdings in the partnership between himself and his wife in order to reduce income taxes. This was a question of fact, fully supported by the evidence, and not reviewable on this appeal. Commissioner v. Tower, 327 U.S. 280, 287, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135.

The total net income of the Toddle House Operating Company for 1941 was $30,190.58. Each of the five partners received $5,538.12. The managing partner received his monthly salary in addition. Mrs. Smith's distributive share of $5,538.12 was included in her individual income tax return for 1941, on which she paid the tax. The appellant did not receive from Mrs. Smith any of this income so distributed to her and at no time exercised any control of it. Mrs. Smith did not spend any of it on household expenses. The appellant testified that he did not know how she spent the money but that none of it was ever spent for his benefit. The Commissioner ruled that this income received by Mrs. Smith from the partnership was properly taxable to the appellant and made the deficiency assessment against the appellant, which is herein complained of.

■ The case is controlled by the rulings in Commissioner v. Tower, supra, and Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679. The Su-

preme Court held in those cases that regardless of the validity of the partnership under State law, the Federal income tax question involved remained a question for the Federal Court, presenting the issue of whether or not the husband, despite the claimed partnership, actually created the right to receive and enjoy the benefit of the income so as to make it taxable to him. If the wife does not share in the management and control of the business, contributes no vital additional service and invests no capital originating with her, the Court is justified in holding that the partnership is not a real one within the meaning of the Federal revenue laws, and that the income therefrom paid to the wife is properly taxable to the husband. Appellant attempts to avoid the effect of this ruling by pointing out that as an actual fact he exercised no control over the income received by his wife, that he received no part of it and that none of it was spent for his benefit. The use of the income by the wife is not the decisive feature. The real issue is whether the husband actually earned the income. If it be found that the husband earned the income he will not be allowed to reallocate it within the family unit for the purpose of dividing the tax burden by the simple expedient of drawing up partnership papers. The rulings in the Tower and Lusthaus cases in no wise hold that it is necessary that the income so distributed to a wife be thereafter expended by her for the direct or individual benefit of the husband. In addition, the evidence in the present case, by failing to show how the income was spent does not negative the logical conclusion that the appellant, as head of the family and responsible for his wife's support, received an indirect benefit therefrom.

■ The appellant claims that because the Government made no tax claim against him arising out of the resale by Mrs. Smith of her interest in the partnership to the other partners in 1943, it was a recognition by the Government that the partnership interest was the exclusive property of Mrs. Smith and that the appellant had no interest therein. He contends that this is inconsistent with the Government's con-

tention in this case that such partnership interest was in reality the property of the appellant. This ignores the different situations existing in 1941 and 1943. In the interval between those dates, the parties had become divorced, as a result of which Mrs. Smith acquired in substance as well as in form the partnership interest previously put in her name.

Appellant's remaining contention has more merit. He contends that the divorce and property settlement in 1941 changed the family partnership into a partnership free of any family relationship, and recognizable as valid for Federal tax purposes. We agree with this contention. The divorce and property settlement dissolved the family relationship upon which the numerous rulings in family partnership cases are based. Mrs. Smith's interest in the partnership was freed from any restrictions or control by the appellant. Her income from the partnership thereafter was no longer a reallocation of the appellant's income for the economic benefit of appellant or his family. Such income would properly be taxable to her rather than to appellant.

But it does not follow from the above ruling that because there was no family partnership at the end of the partnership's fiscal year, the rule of the Tower and Lusthaus cases is not applicable to any of the income made during the fiscal year. Section 188 of the Internal Revenue Code, 26 U.S.C.A. § 188, does not lead to that result. That section provides that if the taxable year of a partner is different from that of the partnership the partner reports and is taxed upon his net income from the partnership in the taxable year during which the fiscal year of the partnership ends. This recognizes the practical aspects of the situation. Payments made by the partnership to a partner during the course of its fiscal year are not necessarily payments of income. They may be distributions of capital. The partnership may be operating at a loss during part of the year, or profits made during the first part of the fiscal year may be diminished or wiped out by losses during the remainder of the fiscal year. Accord-

ingly, it cannot be determined what *income* a partner has received from the partnership until the end of the partnership's fiscal year when an accounting has been made. See J. H. Goadby Mills, 3 B.T.A. 1245; Estate of S. U. Tilton, 8 B.T.A. 914; Melville W. Thompson, 18 B.T.A. 1192. The statute deals with the taxable year in which partnership income is reported and taxed, not with the question of to whom such income is properly chargeable.

Under Section 182 of the Internal Revenue Code, 26 U.S.C.A. § 182, the appellant is chargeable with 40% of the net income of the partnership, whether distributed or not, made prior to the divorce. The taxable character of the income from half of appellant's forty percent interest in the partnership changed in November 1941. In order for the appellant to take advantage of that change he should show that income was earned during the remainder of the fiscal year which was not properly taxable to him. The record does not show when the profits were made, and the Court can not make an allocation between the two periods. Fletcher v. Commissioner, 7 T.C. 1186, 1190, affirmed 2 Cir., 164 F.2d 182. Appellant has the burden of proving the facts which establish the illegality of the taxes which he has paid and seeks to recover. Phillips v. Dime Trust & Safe Deposit Co., 284 U.S. 160, 167, 52 S.Ct. 46, 76 L.Ed. 220; United States v. Anderson, 269 U.S. 422, 443, 46 S.Ct. 131, 70 L.Ed. 347; Reinecke v. Spalding, 280 U.S. 227, 233, 50 S.Ct. 96, 74 L.Ed. 385.

The change in the taxable character of the income in question in November 1941 is analogous to the situation discussed in Guaranty Trust Co. v. Commissioner, 303 U.S. 493, 58 S.Ct. 673, 82 L.Ed. 975, where a change in the partnership status required an accounting and an ascertainment of net income as of that time instead of making the accounting later at the end of the partnership's fiscal year. Under such an accounting in this case the wife's net income from the partnership up to the date of the divorce, November 21, 1941, would be properly taxable to the

appellant under the Tower and Lusthaus rulings, and the net income to Mrs. Smith from the partnership from November 21, 1941 to the end of the year would be properly taxable to her. Appellant's case fails for lack of any such accounting.

The judgment of the District Court is affirmed.