Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott and George D. Webster, Assts. to the Atty. Gen., Helen Goodner, Washington, D. C., for the petitioner.

Philip Steinman, New York City, for respondent.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

Isidore Waldman formed a partnership with Jack Schoenfield and Sidney Portnow which did business in New York under the firm names of Larolaine Dress Co., and Larolaine Juniors Co., and which was engaged in such business on November 22, 1945, the date of his death. He had reported his income for taxation on the calendar year, cash basis and the partnership had filed its information returns on the basis of fiscal years ending on June 30th.

The partnership agreement provided that upon the death of a partner "his executors or administrators or the person or persons to whom he bequeathed his interest in the partnership shall have the right to continue as partner or partners in business in the place and stead of the deceased partner or they may sell their interest in the partnership as herein provided. The election of the representatives to continue in the partnership shall be made by giving notice in writing of such election to the surviving partners at the office of the partnership within two months after the death of the deceased partner.

## COMMISSIONER OF INTERNAL REVENUE v. WALDMAN'S ESTATE.

No. 64, Docket 22084.

United States Court of Appeals, Second Circuit.

Argued Feb. 14, 1952.

Decided April 14, 1952.

Augustus N. Hand, Circuit Judge, dissented.

Thereupon the said personal representative shall succeed to all the rights of the deceased partner to share in the profits or surplus of the business, but shall take no part in the management of the affairs of the partnership, and shall receive no salary."

Philip Steinman qualified as executor under the will of the decedent and, a few days after Mr. Waldman died, the bank in which the partnership kept its account was instructed to pay checks only when they were signed by the executor and at least one of the surviving partners. Otherwise, the partnership business was carried on by the surviving partners as before.

On January 2, 1946, the executor, by letter to the surviving partners, advised them of his election under the above provision of the partnership agreement "to continue as a partner in the business formerly conducted between yourselves and Isidore Waldman."

On January 7, 1946, the attorney for the surviving partners wrote the executor a letter in which, after stating reasons, he said, "Accordingly, I advise you on behalf of Messrs. Schoenfield and Portnow that we regard your notice as ineffective for any purpose whatsoever and herewith express our rejection of your election to continue the interest of the decedent in the partnership of which he was a member at the time of his death."

On January 10, 1946, the executor and the surviving partners agreed that the partnership "shall be dissolved as at January 31, 1946" and that the executor would sell the entire interest of the deceased in the partnership "as at January 31, 1946" to the surviving partners in equal shares. Part of the purchase price was to be paid on or before January 31, 1946 and the executor's signature on partnership checks was to be required until such payment was made. This sale of the decedent's interest in the partnership was carried out in accordance with the agreement.

The executor filed an income tax return for the decedent for the period between January 1, 1945 to the date of his death, November 22, 1945, but which included the decedent's share in the partnership income only for the fiscal year ending June 30, 1945. The Commissioner determined a deficiency by including $13,056.33 which was stipulated to be the decedent's share in the partnership income from the end of the fiscal year in 1945 to the date of his death. The Tax Court held this inclusion to be erroneous and whether it was is the issue now presented. So far as we can see, the circumstances in this case differ from those in Guaranty Trust Co. v. Commissioner, 303 U.S. 493, 58 S. Ct. 673, 82 L.Ed. 975 in which Commissioner v. Guaranty Trust Co. of N. Y., 2 Cir., 89 F.2d 692 was affirmed, only in that this partnership agreement expressly provided for an election by the representative of a deceased partner to continue his interest at risk in the business and Congress has since passed Sec. 126 of Title 26 U. S.C. which in subdivision (a)(1) provides that,

"The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period shall be included in the gross income, for the taxable year when received, of:

"(A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent; * * *."

This, however, is merely a statutory change to prevent the escape from taxation of gross income which, pursuant to other provisions of the tax laws,[1] is not to be taken into account in computing the net taxable income of a decedent for the taxable period in which he died, and does not change the law under which the determination of what items "of gross income in respect of a decedent" are "properly includible in respect of the taxable period in which falls the date of his death". Consequently, it does not appear

---

1. E. g., Sec. 42(a) I.R.C., 26 U.S.C. § 42(a).

to us that Sec. 126 of Title 26 U.S.C. affords any ground whatever for distinguishing this case from Guaranty Trust Co. v. Commissioner, supra. On the contrary, it is Sec. 188, I.R.C., 26 U.S.C. § 188 which, as construed in that case, does control. It has been suggested that the Supreme Court was moved to decide that case as it did because then a contrary decision would have allowed income earned by a decedent in his lifetime to escape taxation altogether. We do not so read that opinion. Whatever was said as to nontaxability otherwise was merely an observation and not stated as a reason for the decision which was based upon an analysis of the applicable law which is equally applicable now to require the same result in this case.

Neither does the fact that this partnership agreement contained provisions for the election by the executor to continue to have the deceased partner's interest remain at the risk of the business prevent the dissolution of the partnership at the date of the deceased partner's death. Darcy v. Commissioner, 2 Cir., 66 F.2d 581; certiorari denied 290 U.S. 705, 54 S.Ct. 372, 78 L.Ed. 606; New York Partnership Law, Sec. 62, subd. 4, McK.Consol.Laws, c. 39. Guaranty Trust Co. v. Commissioner, supra, cannot, therefore, be distinguished on that score. It may be noted, moreover, that the surviving partners repudiated the executor's right to make such an election after he had attempted to exercise it.

Nor, did the sale of the decedent's interest "as at January 31, 1946" affect the liability of the decedent for income taxes upon his distributive share of the partnership income earned before he died. That liability was not related to the arbitrary choice of the date which the parties to the sale of his partnership interest made "as at" which they would take into account profits in arriving at the price to be paid for that interest.

The petitioner relies upon Henderson's Estate v. Commissioner, 5 Cir., 155 F.2d 310, Girard Trust Co. v. United States, 3 Cir., 182 F.2d 921, and Commissioner v. Mnookin's Estate, 8 Cir., 184 F.2d 89,

as did the Tax Court, and we make no attempt to distinguish them but, with deference, reach the contrary decision which we think Guaranty Trust Co. v. Commissioner, supra, requires.

Decision reversed.

AUGUSTUS N. HAND, Circuit Judge (dissenting).

I dissent on the reasoning of the Third Circuit set forth in the opinion of Judge Hastie in Girard Trust Co. v. United States, 3 Cir., 182 F.2d 921.