ESTATE OF JOSEPH E. TYREE, DECEASED, WILHELMINA C. TYREE, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43589.    Promulgated June 29, 1953.

*A. L. Moreton, C. P. A.,* and *Arthur E. Moreton, Esq.,* for the petitioner.

*Everett E. Smith, Esq.,* for the respondent.

OPINION.

Van Fossan, *Judge:* Basically, we have here the question whether a partnership tax year terminates upon the death of a partner, insofar as the deceased partner is concerned, thereby making his distributive share of partnership earnings includible in his gross income for his final return where the partnership agreement provides for a con-

tinuance of the same. The pertinent provisions of the Internal Revenue Code are set forth in the margin.[1]

The question at issue has been before the courts on numerous occasions and the rulings are not uniform. In *Estate of Hunt Henderson*, 4 T. C. 1001, this Court held, in effect, that "* * * partnership losses of decedent for the period of January 1 to June 21, 1939 [the latter being the date of death], were 'properly includible in respect of the taxable period in which falls the date of his death.'" This holding was reversed by the Court of Appeals for the Fifth Circuit at 155 F. 2d 1343. We bowed to the higher court and in *Estate of Samuel Mnookin*, 12 T. C. 744 (reviewed by the Court), followed the view so expressed by the circuit court. Our decision was affirmed by the Court of Appeals for the Eighth Circuit at 184 F. 2d 89. In *Girard Trust Co.* v. *United States*, 182 F. 2d 921, the Court of Appeals for the Third Circuit reversed a decision by the district court and joined the Fifth Circuit and Eighth Circuit in their holding on the question. Relying for support on the above cases, the Tax Court, in *Estate of Isidore Waldman*, 15 T. C. 596 (reviewed by the Court), followed the same path. On appeal, the Court of Appeals for the Second Circuit, in a decision by a divided court (Judge Augustus Hand, dissenting), 196 F. 2d 83, reversed.

In this posture of the ruling cases we adhere to the position taken by us in the *Mnookin* and *Waldman* cases and hold that, under the facts here present, the tax year of the partnership, of which decedent

---

[1] SEC. 181. PARTNERSHIP NOT TAXABLE.

Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity.

SEC. 182. TAX OF PARTNERS.

In computing the net income of each partner, he shall include, whether or not distribution is made to him—

\* \* \* \* \* \* \*

(c) His distributive share of the ordinary net income or the ordinary net loss of the partnership, computed as provided in section 183 (b).

SEC. 188. DIFFERENT TAXABLE YEARS OF PARTNER AND PARTNERSHIP.

If the taxable year of a partner is different from that of the partnership, the inclusions with respect to the net income of the partnership, in computing the net income of the partner for his taxable year, shall be based upon the net income of the partnership for any taxable year of the partnership (whether beginning on, before, or after January 1, 1939) ending within or with the taxable year of the partner.

SEC. 126. INCOME IN RESPECT OF DECEDENTS.

(a) INCLUSION IN GROSS INCOME.—

(1) GENERAL RULE.—The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period shall be included in the gross income, for the taxable year when received, of:

(A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent;

(B) the person who, by reason of the death of the decedent, acquires the right to receive the amount, if the right to receive the amount is not acquired by the decedent's estate from the decedent; or

(C) the person who acquires from the decedent the right to receive the amount by bequest, devise, or inheritance, if the amount is received after a distribution by the decedent's estate of such right.

was a member, did not end at his death and that no part of the partnership income for the period March 1, 1946, to August 21, 1946 (the date of death), should be included in decedent's final return for the period January 1, 1946, to August 21, 1946.

The case of *Guaranty Trust Co.* v. *Commissioner*, 303 U. S. 493, cited by respondent and chiefly relied on by the Second Circuit in the *Waldman* reversal, is fully distinguished in the opinion of the Third Circuit in *Girard Trust Co.* v. *United States, supra.*

*Decision will be entered for the petitioner.*