**NORTHERN TRUST CO.**

v.

**JARECKI.**

Civ. No. 50 C 1747.

United States District Court
N. D. Illinois, E. D.

July 12, 1954.

Harry B. Sutter, T. Eugene Foster, Chicago, Ill., for plaintiff.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for defendant.

PERRY, District Judge.

This is a suit to recover a portion of the federal income taxes for the period from January 1, 1944 to December 22, 1944, paid on behalf of the decedent, William A. McGowan, by plaintiff to the defendant. The cause was submitted to the Court upon a stipulation of facts.

From October 1, 1941 until December 22, 1944, the date of his death the decedent was a member of a partnership doing business under the name of Nu-Art Engraving Company. The partnership kept its books and made its income tax return on a basis of a fiscal year ending August 31, of each year. The decedent kept his books on a calendar year basis and made his return on a cash basis. Paragraph 18 of the partnership provided as follows:

"* * * In the event of a dissolution of the partnership caused by the death of any partner and such death occurs on or after January 1, of any year up to and including December 31st of the same year, the right to profits and the right to an accounting of the deceased partner's interest, unless otherwise agreed upon, shall not accrue until January 1st, of the year succeeding the death of any such partner, and the deceased partner or his legal representative, unless otherwise agreed upon, shall be entitled to share in any profits up to January 1st, of the year succeeding the death of any such partner. The right, however, to have said profits distributed and to have the interest of the deceased partner paid shall not accrue until after certified public accountants have submitted their report of the assets and liabilities of the partnership to the partnership after January 1st of the year succeeding the death of any partner. The report shall be submitted as soon as conveniently can be done after the retirement date or after January 1st of the year succeeding the death of any partner."

In the income tax return filed on behalf of the decedent for the period from January 1, 1944 to December 22, 1944, there was included the decedent's distributive share of the partnership income for the fiscal year ending August 31, 1944. Upon examination of this return the Bureau of Internal Revenue added the decedent's partnership income from September 1, 1944 to December 22, 1944; as a result additional taxes and interest were assessed against the plaintiff and paid to the defendant. It is a refund of this additional tax and interest paid thereon that is sought in this proceeding.

The question to be decided by this Court is whether the decedent's distributive share of the partnership income for the period of August 31, 1944 to December 22, 1944 should have been included in his income.

In the case of Girard Trust Co. v. United States, 3 Cir., 182 F.2d 921, the partnership agreement provided that the death or withdrawal of any of the partners should not prevent or interfere with the continuance of the partnership business by the remaining partners or necessitate its winding up, but rather that the interest of any deceased partner in the business should continue subject to all the risks of the operation of the business, and that the proportionate share of the deceased partner in the profits or losses would only be determined as of the following June 30. The firm operated on a fiscal year basis. It accounted annually as of June 30 and filed its partnership tax returns accordingly. The decedent partner died in November. In an action by the executor to recover an overpayment of income taxes, the United States Court of Appeals for the Third Circuit, in an exhaustive opinion, held that the undistributed profits earned from July 1 to the date of the partner's death were income of deceased's estate for federal tax purposes and were not includible in the final taxable year of the partner which ended with his death.

This Court has considered this decision as well as Commissioner of Internal Revenue v. Waldman's Estate, 2 Cir., 196 F.2d 83, which announces a contrary view. This Court subscribes to the reasoning of the Girard decision and rules that the plaintiff should prevail.