**COMMISSIONER OF INTERNAL REVENUE**

v.

**TYREE'S ESTATE.**

**No. 4778.**

United States Court of Appeals, Tenth Circuit.

July 17, 1954.

Ellis N. Slack, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., and Morton K. Rothschild, Sp. Asst. to the Atty. Gen., were with him on the brief), for petitioner.

Clarence E. Fox, Chicago, Ill. (Arthur Moreton, Salt Lake City, Utah, and J. F. Dammann, Chicago, Ill., were with him on the brief), for respondent.

Before BRATTON, HUXMAN, and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This is a proceeding to review a decision of the tax court. It presents a question of the income status of the distributive share of a deceased partner which was paid to his estate at the close of the partnership fiscal year following the death of the partner. The tax court held that under the facts, the tax year of the partnership did not end with the death of the partner and that no part of the partnership income distributed after his death should be included in the final return filed for the deceased partner for the period ending with his death. 20 T.C. 675.

The facts are stipulated. Dr. Joseph E. Tyree was a member of a partnership in Salt Lake City, Utah, which practiced medicine there under the firm name of "Salt Lake Clinic." The partnership reported its income on a fiscal year basis beginning March 1st and ending February 28th of each year. Dr. Tyree reported his income on a calendar year basis. He died on August 21, 1946, and his executrix filed an income tax return showing the income of the doctor during that year to the date of his death. The return included the partnership distribution to him for the entire year ending February 28, 1946.[1]

---

1. Section 188 of the Internal Revenue Code, 26 U.S.C.A. § 188, deals with a situation where there is a difference of the taxable years of a partner and the partnership. It reads:

"If the taxable year of a partner is different from that of the partnership, the inclusions with respect to the net income of the partnership, in computing the net income of the partner for his taxable

At the end of the subsequent fiscal year, the partnership determined that the distributive share due the doctor at the time of his death was $5,778.04. This amount was paid to his estate. The executrix made a fiduciary return for this income on the theory that the partnership taxable year did not end until February 28, 1947, and that the return should be made under the provisions of Section 126(a)(1), 26 U.S.C.A. § 126(a)(1), which requires an executor or administrator to include in the gross income of an estate that amount which is "not properly includible in respect of the taxable period in which falls the date of his death", and where, "the right to receive the amount is acquired by the decedent's estate from the decedent". The Commissioner urges that, insofar as the account of the deceased partner was concerned, the partnership terminated with his death, and that any amount later distributed to his estate should be reported in the return for the period ending with his death.

We hold that under the partnership agreement and the law of Utah the partnership was not ended for tax purposes with the death of Tyree and that the last partnership distribution was not properly includible in the first return.

The material portions of the partnership agreement provide that the partners should establish a medical and surgical clinic and engage in the general practice of medicine and surgery for a period of twenty years from and after March 1, 1939, unless the partnership was sooner dissolved or terminated by its terms or by law. Each partner was to devote all of his time and attention to the business or profession of the partnership. The fiscal year for the partnership for income tax, determination of earnings, closing accounts, and all other purposes began March 29 and ended the last day of February, 1940, and on the last day of February of each year thereafter. The accounts of the firm were to be kept on an accrual basis. The material portions of the agreement relating to dissolution in case of retirement or death of a partner were as follows:

"1. In the event, during the time fixed for the continuance of the partnership, any partner shall die, retire or become so physically disabled as to be unable to attend to the business or profession of the firm, the said firm need not be dissolved, but may be continued by the continuing or surviving partners not only for the purpose of winding up the business and liquidating the capital account of such departing member, but also for the remainder of the term fixed for the continuance of this firm, and upon the terms and conditions herein set forth, or as at that time may be agreed upon, and the interest of any partner in the partnership that may have ceased to exist by virtue of any of the provisions contained herein, shall belong to and vest in the continuing or surviving partners, subject, however, to payment to said retiring or deceased partner of his interest bearing capital and the agreed percentage of his non-interest bearing capital as herein provided. In such event, such continuing or surviving partners shall thereafter divide and bear all earnings or losses that may thereafter be earned or sustained upon the basis herein provided.

\*   \*   \*   \*   \*   \*

"7. \* \* \* The retirement, incapacity or death of any of the parties hereto during the continuance of this agreement, shall not of itself operate as an immediate termination of this firm, and the party so retiring or the personal representative of such deceased partner, shall, during the continuance of the partnership, be entitled to receive in full satisfaction and discharge of

come of the partnership for any taxable year of the partnership (whether beginning on, before, or after January 1, 1939)

ending within or with the taxable year of the partner."

the deceased party's interest in the firm, three-fourths' of his non-interest bearing capital, and his share, if any, of the interest bearing capital as herein provided.

\* \* \* \* \* \*

"9. The remaining members may carry on the practice until the departing partner's share of the capital, as herein provided, is liquidated in whole or in part.

"10. Surviving partners shall make no charge to retiring or deceased members for realization and liquidation of such member's interest, and such retiring partner or the estate of a deceased partner shall not be entitled to interest during the liquidation period on the percentage of his non-interest bearing capital or profits thereafter attributable to the use of his interest in the firm property."

The agreement specifically provides that the death of a partner need not dissolve the partnership and that it may be continued to wind up the interest of the deceased partner. It contains no provision for determining earnings on any date other than the close of the regular fiscal year. It requires no payments to be made to the representative of a deceased partner until after the close of the fiscal year. The partnership was continued and the distributive share was paid to the estate after the close of the next fiscal year, as contemplated by the agreement. Of course, when the doctor died he could no longer be a partner and, so far as he was concerned, the partnership terminated, but he had, however, agreed as to how the partnership affairs should be handled in case of the death of a partner. The Utah General Partnership Act provides that "On dissolution a partnership is not terminated, but continues until the winding up of partnership affairs is completed." 5 U.C.A. 1953, § 48–1–27. Pantages v. Arge, 1 Utah 2d 105, 262 P.2d 745. The partnership affairs were continued as provided for in the agreement, and at the end of the first fiscal year after the death of Dr. Tyree, a distribution was made to his estate. Had he lived, the distribution would have been made at the same time.

The Commissioner urges that the decision of the tax court is not in harmony with Guaranty Trust Co. of New York v. Commissioner, 303 U.S. 493, 58 S.Ct. 673, 82 L.Ed. 975, as was pointed out by the Second Circuit in Commissioner v. Waldman's Estate, 196 F.2d 83. We do not believe, however, that the Guaranty Trust Co. Case is controlling. There, the partnership was concluded with the death of a partner and if subsequent partnership distributions were not included in the return made for the deceased, it would not be taxable. Section 126(a)(1) was passed shortly after the Guaranty Trust Co. decision, and appears to have been for the purpose of closing the loophole in the tax laws pointed out in that case.[2] The identical question before us has been considered by the Third, Fifth, and Eighth Circuits, which have held contrary to the contention of the Commissioner here. Henderson's Estate v. Commissioner of

---

2. The reports of the Senate and House Committees explaining Section 126 contain the following:

"'\* \* \* Since the Revenue Act of 1934 the revenue laws have contained provisions including in the income of a decedent for the period in which falls the date of his death all income accrued up to the date of his death not' otherwise properly includible in respect of such period or prior period. While such income should be subject to income tax, hardship results in many cases from including in the income for the decedent's last taxable period amounts which ordinarily would be receivable over a period of several years. This section changes the existing law by providing that such amounts shall not be included in the decedent's income but shall be treated, in the hands of the persons receiving them, as income of the same nature and to the same extent as such amounts would be income if the decedent remained alive and received such amounts.' (432 CCH ¶ 950 F.02; Internal Revenue Bulletin; C.B. 1942–2, pp. 435, 579.)"

Internal Rev., 5 Cir., 155 F.2d 310, 164 A.L.R. 1030; Girard Trust Co. v. United States, 3 Cir., 182 F.2d 921; Commissioner of Internal Revenue v. Mnookin's Estate, 8 Cir., 184 F.2d 89. Substantially all of the Commissioner's arguments here are fully answered in the Girard Trust Co. Case, to which views we adhere.

Decision affirmed.