**A. D. IRWIN, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**A. O. LEIGHTON and Gertrude Leighton, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Nos. 11913, 11914.**

United States Court of Appeals Third Circuit.

Argued Oct. 4, 1956.

Decided Nov. 23, 1956.

Paul I. Guest, Philadelphia, Pa., for petitioners.

Carolyn R. Just, Washington, D. C., John N. Stull, Acting Asst. Atty. Gen., Robert N. Anderson, I. Henry Kutz, George F. Lynch, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

STALEY, Circuit Judge.

These petitions for review present the much litigated question of the determination of the point of time when income becomes sufficiently definite to be the proper subject of accrual.

Petitioners A. D. Irwin and A. O. Leighton are partners engaged in the construction business under the partnership name of Irwin & Leighton. On December 5, 1936, the partnership entered into a contract with the United States to construct a library building at Howard University in Washington, D. C., for the total consideration of $817,225. The

work was to be completed on November 11, 1937; a contractual clause provided for liquidated damages in the event of delay caused by the partnership. There was a loss of 230 days in the course of construction which the partnership contended was due to the fault of the government. The partnership claimed that these losses were occasioned by added work ordered by the contracting officer of the government, delay by the government architect in approving plans, delay in making the old building available for demolition, and a strike caused by Howard University using non-union employees near the site of the library construction. Time extensions were granted by the government after the contracting officer reviewed the facts relevant to each delay; this procedure was in accordance with the contract and relieved the partnership of liability under the liquidated damages clause.

▆ The income of the partnership is computed on the accrual completed contract basis.[1] Pursuant to this method of accounting, items of income must be accrued when the right to receive the income becomes sufficiently certain and definite, notwithstanding the fact that the money is not actually received. Spring City Foundry Co. v. Commissioner of Internal Revenue, 1934, 292 U.S. 182, 184–185, 54 S.Ct. 644, 78 L.Ed. 1200.

In 1938, the construction was completed and the library building turned over to the government. In that year, the partnership accrued as an item of gross income an account receivable of $72,649.-87, being composed of the following sums:

$44,449.87—payment on the contract made by the government on February 24, 1939, leaving a balance of $2,-500.

2,500.00—reserve withheld by the government until final inspection of electrical work.

25,700.00—partnership's estimate of the damage attributable to government delay.

In its computation of the last item of income, the partnership estimated its expense for the delays at $100 a day for 257 days. The claim for this item was presented to the government for the first time in June or July of 1939. After futile attempts at settlement, the partnership in 1940 brought an action in the Court of Claims for an amount in excess of $40,000. On March 4, 1946, the Court of Claims awarded the partnership $12,-915.66. Irwin & Leighton v. United States, 1946, 65 F.Supp. 794, 106 Ct.Cl. 398. The award included the reserve of $2,500 withheld by the government. The partnership did not include as income in

1. Section 43 of the Revenue Act of 1938, 26 U.S.C.A. (I.R.C.1939) § 43, provides, in part:

"The deductions and credits * * * provided for in this title shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred', dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period. * * *" 52 Stat. 473.

Treas.Reg. 101 in effect for 1938 provides, in part:

"Art. 42–4. Long Term Contracts.— Income from long-term contracts is taxable for the period in which the income is determined, such determination depending upon the nature and terms of the particular contract. As used in this article the term 'long-term contracts'

means building, installation, or construction contracts covering a period in excess of one year. Persons whose income is derived in whole or in part from such contracts may, as to such income, prepare their returns upon either of the following bases:

*     *     *     *     *

"(b) Gross income may be reported for the taxable year in which the contract is finally completed and accepted if the taxpayer elects as a consistent practice so to treat such income, provided such method clearly reflects the net income. If this method is adopted there should be deducted from gross income all expenditures during the life of the contract which are properly allocated thereto, taking into consideration any material and supplies charged to the work under the contract but remaining on hand at the time of completion."

1946 the award of the Court of Claims and, instead, claimed a bad debt deduction of $15,248.34, being the difference between its 1938 accrual of $25,700 and $10,415.66, the amount of the Court of Claims award compensating for the time delay. The Tax Court decided that the $2,500 item was properly accrued in 1938 as income but held, however, that the accrual of $25,700 in 1938 was improper because it was extremely uncertain. It decided also that the award of the damages of the Court of Claims ($10,415.66) was includible as partnership income for 1946 and that the partnership's bad debt deduction in 1946 of $15,284.34 was improper.

The petitioners concede that the bad debt deduction was properly disallowed but contend that at least $10,415.66 of the accrual of $25,700 as gross income in 1938 was proper. The latter amount represents sums in excess of the contract price and is the partnership's estimate of the expense caused it by the government's delays. Whatever right the partnership had, or whatever liability the government had, is based not upon any specific contractual clause, but rather upon the breach of that contract. See Restatement, Contracts, § 315 (1932). Such rights or liabilities must normally be determined either by a settlement between the parties or by judicial decision.

In Lucas v. American Code Co., 1930, 280 U.S. 445, 450, 50 S.Ct. 202, 203, 74 L.Ed. 538, the Supreme Court approved the rule that

" * * * a loss occasioned by the taxpayer's breach of contract is not deductible in the year of the breach, except under the special circumstances where, within the tax year, there is a definite admission of liability, negotiations for settlement are begun, and a reasonable estimate of the amount of the loss is accrued on the books."

See also Dixie Pine Products Co. v. Commissioner of Internal Revenue, 1944, 320 U.S. 516, 519, 64 S.Ct. 364, 88 L.Ed. 270; H. Liebes & Co. v. Commissioner of Internal Revenue, 9 Cir., 1937, 90 F.2d 932, 938; Breeze Corporations, Inc., v. United States, 1954, 117 F.Supp. 404, 408, 127 Ct.Cl. 261. This rule applies as well to the accrual of income. Kentucky & Indiana Terminal R. Co. v. Commissioner of Internal Revenue, 6 Cir., 1931, 54 F. 2d 738, 740, certiorari denied, 1932, 286 U.S. 557, 52 S.Ct. 639, 76 L.Ed. 1291.

The petitioners urge that the government acknowledged liability in the following letter to the partnership, dated May 14, 1937:

"This will acknowledge your letter of May 5 notifying the Department of the delay and additional expense being caused you, in connection with your contract for the construction of the Library Building at Howard University, by not receiving approved mechanical shop drawings, etc., which are being held up on account of the expectancy of restoring Alternate No. 35.

"As soon as a definite decision has been made concerning Alternate No. 35, the air-conditioning installation, the Department will request you to submit an itemized claim showing the extent of delay and additional expense."

We cannot find in this letter, however, an unequivocal admission of any liability for delay on the part of the government. At best, the letter indicates that the government would be willing to consider a claim to be asserted at some time in the future. Such willingness to consider a claim of breach by one of the parties to the contract is certainly not tantamount to that definite admission of liability which the law requires for proper accrual.

The petitioners contend that their income will not be clearly reflected if the 1938 accruals are not permitted, inasmuch as all their work was completed in that year. However, the year in which the work was done is not determinative of the right to accrue as income a contingent claim. Guaranty Trust Co. v. Commissioner of Internal Revenue, 1938, 303 U.S. 493, 498, 58 S.Ct. 673, 82 L.Ed. 975. Nor under the circumstances here would the petitioners have been under

the legal obligation to return the amount as income in 1938. Keasbey & Mattison Co. v. United States, 3 Cir., 1944, 141 F. 2d 163, 166–167.

This case does not fall within the principles of Continental Tie & Lumber Co. v. United States, 1932, 286 U.S. 290, 52 S.Ct. 529, 76 L.Ed. 1111, so urgently pressed as controlling authority. There the court held that the income was properly accruable in 1920 because that was the year in which the Transportation Act definitely fixed the right of the taxpayer to receive it, and all that remained was the purely ministerial act of the Interstate Commerce Commission of determining the amount of the award. The difference between that case and the one under consideration is what Judge Learned Hand called "the distinction between the liquidation of a determined right, and the determination of a disputed right." Commissioner of Internal Revenue v. Brooklyn Union Gas Co., 2 Cir., 1933, 62 F.2d 505, 507.

The decision of the Tax Court will be affirmed.